OPINION OF THE COURT
Bellacosa, J.
The respondents, State and City Commissioners of Social Services, discontinued paying Aid to Families with Dependent Children (AFDC) benefits to petitioner-appellant Roberts for six children who had been removed from her home and placed in foster care. The issue is whether the Commissioners, after paying AFDC benefits and foster care maintenance payments for the same children for 11 months, had the authority to make the factual determination in this case that the children’s absence from the Roberts’ home for 11 months *690 ceased to be a "temporary absence” for purposes of discontinuing AFDC shelter and utilities benefits with respect to the children at that point in time. We hold that the then-applicable statutes and regulations did not prohibit administrative reduction of these benefits and that the determinations are supported by substantial evidence.
Petitioners Roberts, her two minor children and four minor grandchildren resided in a Bronx apartment. They received AFDC, Medicaid and Food Stamp benefits for a family of seven. In June 1987, the children were removed to foster care after the City Social Services Department filed an abuse and neglect petition against Roberts as to all six children. Following a fact-finding hearing 10 months later in April 1988, Family Court made a finding of abuse as to three children and neglect as to all six. The children were continued' in foster care pending final disposition.
Roberts received public assistance benefits for a family of seven people throughout this period until May 6, 1988 — some 11 months after the children had been removed from the household and placed in foster care. On that date, the City Commissioner reduced her benefits proportionate to a household of one person. On August 11, 1988, after Roberts received her requested fair hearing, the respondent State Commissioner approved the City’s reduction of benefits. The stated grounds were that the children had not been residing in Roberts’ household for some time and all their needs during the extended period were being met by the separate foster care maintenance payments.
Earlier in August, Family Court, based on a dispositional hearing, ordered Roberts’ two children returned to her custody immediately; the four grandchildren were to be returned by fixed dates over a five-month period. Full public assistance benefits for each child were directed to be restored upon the return of each child to the AFDC household.
Petitioners commenced this CPLR article 78 proceeding challenging the determination that had reduced the AFDC benefits for a period of several months, and seeking a declaration of entitlement to full AFDC benefits for a household of seven people, retroactive to May 6, 1988. Supreme Court granted their petition and restored their benefits retroactive to the date of reduction on the ground that the children were only "temporarily absent” from the AFDC household and full, uninterrupted benefits were therefore required (144 Misc 2d *691 912, 913). The Appellate Division unanimously reversed, reinstated the respondents’ reduction determination and dismissed the petition, reasoning that Federal and State law and public policy do not compel indefinite continuation of AFDC benefits while children are out of the AFDC home and in foster care (169 AD2d 274). The Appellate Division rested its decision principally on its reasoning in Campfield v Perales (169 AD2d 267).
Appellants’ central argument is that Social Services officials lack authority to make a factual determination concerning when foster care ceases to be a “temporary absence” within the meaning of the AFDC entitlement regulations, and lack authority to terminate AFDC benefits attributable to children in foster care until there is a dispositional hearing under article 10 of the Family Court Act.
Additionally, appellants argue, and we recognize, that apart from fiscal concerns and management, governmental officials have a correspondingly significant obligation to provide services and resources and must make efforts within their powers to prevent dissolution of families and to reunite families from which children have been removed to foster care (see, Social Services Law § 131 [3]; § 384-b [1] [a]; see also, 42 USC § 671 [a] [15]). Where lack of adequate housing is the primary factor preventing reunification, “preventative services shall include, in addition to any other payments or benefits received by the family, special cash grants in the form of rent subsidies, including rent arrears, or any other assistance, sufficient to obtain adequate housing”. (Social Services Law § 409-a [5] [c].) Appellant contends, and the trial court agreed, that in this case respondents’ action in reducing her seven-person AFDC benefits package conflicts with the respondents’ obligations and undermined and inhibited the reunification of this family. We cannot agree on this record. As the Appellate Division recognized, in these circumstances petitioners have not made an adequate showing that the factual determination in this case based on the then-current policy was insufficient to prevent, or threatened, the breakup of this family (Matter of Roberts v Perales, 169 AD2d 274, 276, supra, quoting Campfield v Perales, 169 AD2d 267, 271, supra).
The Federal AFDC statutes, as they applied at the pertinent time, did not expressly compel States to make indefinite duplicative payments for both AFDC and foster care for the same child (see, 42 USC § 601 et seq.; § 678 [repealed by Pub L *692 101-508, tit V, § 5052 (b), eff May 1, 1991], recodified as 42 USC § 609; see also, § 672 [a]; Campfield v Perales, 169 AD2d 267, 271, supra; 56 Fed Reg 64195 [Dec. 9, 1991]).* Nevertheless, the Federal AFDC regulations provide that a child remains part of the AFDC family home "even though [the child] is temporarily absent” from that home (45 CFR 233.90 [c] [1] [v] [B] [emphasis added]).
Correspondingly, State regulations provide for continued AFDC benefits during a child’s "temporary absence” from an AFDC home (18 NYCRR 369.4 [c] [1]; see also, Social Services Law § 344 [1]). Temporary absence "may include * * * temporary foster care” (18 NYCRR 369.4 [c] [2] [emphasis added]). State and Federal regulations do not go the next step to define "temporary absence” or "temporary foster care”. Nor do they set a temporal limitation for continuation or cessation of AFDC benefits keyed to any "temporary absence”. This is the pivotal focus of the instant case.
Prior to these proceedings, the State Department of Social Services had apparently issued a nonregulatory guideline letter permitting local Social Services districts to make the factual determination when a foster child’s absence from the AFDC home ceased to be "temporary”, and which benefits were to be continued and for what duration (see, Campfield v Perales, 169 AD2d 267, 271, supra; see also, 18 NYCRR 369.4 [c] [1]). Under respondents’ guideline, whether or not foster care is "temporary” is a determination to be reached on the particular facts and circumstances presented; the guideline did not command or presume the outcome. Thus, this is not inconsistent with New York’s implementing regulations which reflect that foster care — for purposes of avoiding continued AFDC benefits for children in foster care — may be prolonged and therefore is not always "temporary”. The rationale flows from the reality and administrative experience that foster care in individual cases may extend for lengthy periods such that AFDC benefits become inappropriate, duplicative and unnecessary because some of the child’s long-term needs are satisfied by the discrete foster care maintenance payments (see, 18 NYCRR 369.4 [c] [2]; Social Services Law § 371 [19]). This approach also appears consistent with the Federal statutory scheme providing for AFDC benefits for children "living * * * in” an AFDC home (42 USC § 606 [a]; §§ 601, 605).
*693 The concept of foster care is, of course, by its nature, temporary in that parents and natural guardians retain rights and responsibilities (see, Smith v Organization of Foster Families, 431 US 816, 823; People ex rel. Ninesling v Nassau County Dept. of Social Servs., 46 NY2d 382; see also, Matter of Sheila G., 61 NY2d 368). That general proposition does not mean, however, that all foster care placements of whatever nature and duration are “temporary absencefs]” for purposes of continued AFDC entitlements (18 NYCRR 369.4 [c]; 45 CFR 233.90).
Importantly, Family Court Act § 1055 (g) is a notification provision and does not limit respondents’ authority to reduce AFDC benefits for children in foster care until only after a dispositional hearing has been held and Family Court has determined whether to return the child to the AFDC home. Nor does it expressly or implicitly forbid respondents’ regime for a case-by-case factual inquiry into whether a child’s predispositional-hearing-foster-care placement is still a “temporary absence” for purposes of determining how long AFDC benefits must be continued on behalf of that child. Moreover, the Family Court Act, while significant as a guide and tool in these complex matters, does not prescribe or fix entitlement to Social Services benefits; rather, AFDC eligibility is determined principally under the Social Services Law (see, Social Services Law § 131-a [1]).
We conclude on this record that the State Commissioner’s determination, after a fair hearing, affirming the City Commissioner’s reduction of Roberts’ AFDC benefits attributable to the six children who had been in foster care for 11 months, during which both AFDC and foster care payments were made, is supported by substantial evidence. It was established at a hearing that the children were removed due to abuse and neglect, and that after 11 months in foster care there was no plan for their return to the AFDC home. No one at the hearing could represent when the children would be returned; there was no discharge date. There was, significantly, no proof that the loss of shelter and utilities benefits threatened the family unit (see, Social Services Law § 409-a [5] [c]). In these circumstances, the benefits were properly brought to a halt. The respective statutory implementation by the agencies charged with administering the AFDC statutes, regulations and policies is not irrational in this case and is entitled to substantial deference where, as here, the implementation *694 does not contravene State legislative or congressional intent (see, Matter of Howard v Wyman, 28 NY2d 434, 438).
Accordingly, the order of the Appellate Division should be affirmed, without costs.
Chief Judge Wachtler and Judges Simons, Kaye, Titone and Hancock, Jr., concur.
Order affirmed, without costs.

 We express no opinion as to the effect on future cases of amendments to the relevant statutes and regulations.